# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF OHIO
### EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CASE NO. 1:19-cr-443-1 |
| | ) | |
| | ) | |
| PLAINTIFF, | ) | JUDGE SARA LIOI |
| | ) | |
| vs. | ) | |
| | ) | MEMORANDUM OPINION AND |
| | ) | ORDER |
| CEDRIC SHEPHARD, | ) | |
| | ) | |
| | ) | |
| DEFENDANT. | ) | |

The indictment, returned July 23, 2019, charged defendant Cedric Shephard ("Shephard"), and a co-defendant, Deontae Wilson ("Wilson"), with participation in a drug conspiracy. (Doc. No. 8 (Indictment); *see* Doc. No. 41 (Superseding Indictment), issued 11-13-2019.) Defendant Wilson has since entered a guilty plea to the charges in the indictment and has been sentenced. (*See* Minutes 10-30-2019; Minutes 2-19-2020; Doc. No. 55 (Wilson Judgment).) Shephard's jury trial is set to begin on October 19, 2020.

Now before the Court are two pretrial motions. Specifically, the Court will address herein: Shephard's motion for immediate production of *Brady* and *Giglio* materials (Doc. No. 85 ["Disc. Mot."]; *see* Doc. No. 87 ["Opp'n Disc. Mot."]), and Shephard's motion in limine to preclude co-conspirators' statements. (Doc. No. 86 ["In Limine Mot."]; *see* Doc. No. 88 ["Opp'n In Limine Mot."].) For the reasons that follow, both motions are DENIED.

## I. SHEPHARD'S DISCOVERY MOTION

Shephard seeks early disclosure of materials covered by the Supreme Court decisions in

*Giglio v United States*, 405 U.S. 150, 92 S. Ct. 763, 31 L. Ed. 2d 104 (1972); and *Brady v. Maryland*, 373 U.S. 83, 83 S. Ct. 1194, 10 L. Ed. 2d 215 (1963). Specifically, Shephard seeks discovery of any evidence relating to promises of leniency made or consideration given to any government witnesses, knowledge of any prior witness statements, and any evidence bearing on any government witness's credibility. (Disc. Mot. at 667[1].)

In response to the motion, the government represents that it has and will continue to honor its affirmative obligation to provide discovery. With respect to *Brady* materials, the government argues that *Brady* does not provide a defendant with the means by which to make a pretrial discovery request. Moreover, it represents that it has fully complied with its pretrial obligations to provide evidence that would fall under the purview of *Brady*, and that, if it becomes aware of any additional *Brady* materials in its possession, it will provide them to Shephard in a timely fashion. (Opp'n Disc. Mot. at 675–77.) As to *Giglio* materials, the government argues that Shephard is not yet entitled to such discovery. Further, the government represents that, consistent with its normal practice, it "intends to provide any *Giglio* information for potential witnesses with the Jencks Act material for those witnesses in compliance with the Court's Trial Order." (*Id*. at 675.)

The Court finds that Shephard is not entitled to *Brady* and *Giglio* information at this time because the government is required only to make its *Brady* and *Giglio* disclosures in time for effective use at trial. The Sixth Circuit has held that *Brady* and *Giglio* do not give "the defense a general right to pre-trial discovery." *United States v. Presser*, 844 F.2d 1275, 1283 (6th Cir. 1988); *see United States v. Moore*, 439 F.2d 1107, 1108 (6th Cir. 1971). Instead, due process

---

[1] All page numbers refer to the page identification number generated by the Court's electronic docketing system.

requires only that disclosure of *Brady* and *Giglio* material be made in sufficient time to permit the defendant to make effective use of that material at trial. *Presser*, 844 F.2d at 1283. Shephard has failed to offer any specific reason why he needs such information early, and Shephard has not shared any information that the government has failed to meet its discovery obligations to date. The government has assured the Court that it intends to provide all *Brady*, *Giglio* and/or Jencks Act material in advance of trial and in time for use at trial. Therefore, Shephard's discovery motion is **DENIED**. The government is encouraged to provide all required discovery materials as early as possible so as to avoid any unnecessary delays at trial.

## II. MOTION IN LIMINE—CO-CONSPIRATOR STATEMENTS

In his motion in limine, Shephard seeks an order "precluding admission at trial of any out-of-court statements purportedly made by [any] indicted or unindicted co-conspirators which directly or indirectly referred to [Shephard], or which otherwise may be used to incriminate [Shephard]." (In Limine Mot. at 671.) In response, the government represents that the only statements of co-conspirators it intends to offer or present are statements made by Wilson during the controlled purchases with the government confidential informant ("CI"), which, the government notes, were recorded. (Opp'n In Limine Mot. at 680.) It is the government's position that Wilson's statements "are admissible co-conspirator statements because they were made

during the course of the conspiracy with Defendant Shephard and were made in furtherance of the conspiracy."[2] (*Id*.)

Although not explicitly authorized by the Federal Rules of Evidence or the Federal Rules of Criminal Procedure, the practice of ruling on motions in limine "has developed pursuant to the district court's inherent authority to manage the course of trials." *Luce v. United States*, 469 U.S. 38, 41 n.4, 105 S. Ct. 460, 83 L. Ed. 2d 443 (1984). Motions in limine allow the court to rule on evidentiary issues prior to trial in order to avoid delay and focus pertinent issues for the jury's consideration. *See United States v. Brawner*, 173 F.3d 966, 970 (6th Cir. 1999); *Jonasson v. Lutheran Child & Family Servs.*, 115 F.3d 436, 440 (7th Cir. 1997).

Courts should exclude evidence on a motion in limine only when it is clearly inadmissible. *Indiana Ins. Co. v. Gen. Elec. Co.*, 326 F. Supp. 2d 844, 846 (N.D. Ohio 2004). If the court is unable to determine whether or not certain evidence is clearly inadmissible, it should defer ruling until trial so that questions of foundation, relevancy, and potential prejudice can be evaluated in proper context. *Id*. Ultimately, the determination whether to grant or deny a motion in limine is within the sound discretion of the trial court. *Goldman v. Healthcare Mgmt. Sys., Inc.*, 559 F. Supp. 2d 853, 858 (W.D. Mich. 2008) (citing *United States v. Certain Lands Situated in the City of Detroit*, 547 F. Supp. 680, 681 (E.D. Mich. 1982)). In limine rulings are preliminary, and the district court may change its ruling at trial for any reason it deems

---

[2] According to the government, agents from the Drug Enforcement Administration ("DEA") conducted two controlled purchases of crack cocaine—on June 11, 2019 and June 20, 2019—from Wilson at his business in Wickliffe, Ohio. Each transaction was recorded with an audio recording device that was on the confidential informant ("CI"). Shephard was present at both transactions, and, with respect to the June 20, 2019 purchase, Shephard arrived with and supplied Wilson with an ounce of cocaine after Wilson indicated that he was short one ounce and needed to wait for his supplier. In a third encounter, on June 27, 2019, Wilson advised the CI that he was waiting for his supplier to bring the drugs, and Shephard arrived, shortly thereafter, in the same Black Jeep he had been seen driving in the two recorded controlled buys. A search of the Jeep yielded approximately 121 grams of crack cocaine from the center consol. (Opp'n In Limine Mot. at 679–80.)

appropriate. *See United States v. Yannott*, 42 F.3d 999, 1007 (6th Cir. 1994).

All relevant evidence is admissible and evidence that is not relevant is not admissible. FED. R. EVID. 402. "Evidence is relevant if (a) it has a tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in determining the action." FED. R. EVID. 401. The relevancy standard is liberal. *Daubert v. Merrell Dow Pharms., Inc*. 509 U.S. 579, 587, 113 S. Ct. 2786, 125 L. Ed. 2d 469 (1993). Relevant evidence, however, may be excluded if its "probative value is substantially outweighed by a danger of one of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." FED. R. EVID. 403.

Rule 801(d)(2)(E) permits the admission of statements made by co-conspirators provided the government can show by a preponderance of the evidence (1) that a conspiracy existed, (2) that the defendant against whom the statement is offered was a member of the conspiracy, and (3) that the statement was made during the course of and in furtherance of the conspiracy. *See United States v. Vinson*, 606 F.2d 149, 152 (6th Cir. 1979). This preliminary finding is made by the trial judge, FED. R. EVID. 104(a), and with respect to this determination, the Court has considerable discretion "in controlling the mode and order of proof[.]" *Vinson*, 606 F.2d at 152.

There are several options available to the trial judge. First, the court could conduct a "mini-hearing" outside the presence of the jury, where the court receives proof of the conspiracy and makes a preliminary finding. *Vinson*, 606 F.2d at 152; *see United States v. Enright*, 579 F.2d 980, 986–87 (6th Cir. 1978). If the court finds that the statements are properly admitted as statements of co-conspirators, the evidence is presented to the jury. "While the Sixth Circuit has acknowledged that a trial judge has the discretion to order the proof in this manner, it has also

recognized that 'this procedure has been criticized as burdensome, time-consuming, and uneconomic.'" *See United States v. Coffman*, No. 09-cr-181, 2010 WL 3924671, at *1 (E.D. Ky. Sept. 29, 2010) (quoting *Vinson*, 606 F.2d at 152).

Second, the court can "require the government to meet its initial burden by producing the non-hearsay evidence of conspiracy first prior to making the *Enright* finding concerning the hearsay's admissibility." *Vinson*, 606 F.2d at 152. This option "clearly avoids 'the danger . . . of injecting the record with inadmissible hearsay in anticipation of proof of a conspiracy which never materializes.'" *Id*. at 152–53 (quoting *United States v. Macklin*, 573 F.2d 1046, 1049 n.3 (8th Cir.), *cert. denied*, 439 U.S. 852, 99 S. Ct. 160, 58 L. Ed. 2d 157 (1978)).

A third option permits a trial court to conditionally "admit the hearsay statements subject to later demonstration of their admissibility by a preponderance of the evidence." *Vinson*, 606 F.2d at 153. The danger in this option is that if the government fails to carry its burden as to the conspiracy, the trial court "should, on defendant's motion, declare a mistrial unless convinced that a cautionary jury instruction would shield the defendant from prejudice." *Vinson*, 606 F.2d at 153. Nonetheless, the Sixth Circuit has approved of this final approach, recognizing that it is "firmly entrenched in this circuit's practice[.]" *United States v. Holloway*, 740 F.2d 1373, 1375 n.2 (6th Cir. 1984).

Given the inherent complexity of conspiracies, the Court finds that a full evidentiary hearing would be cumbersome and would unnecessarily add length to the trial. Instead, the Court selects the third approach and shall conditionally admit any and all alleged co-conspirator statements subject to a ruling on admissibility at the close of the government's case-in-chief. The Court finds that this approach will preserve judicial resources, while also permitting the Court

6

"to rely on the hearsay statements themselves to determine whether the statements are admissible under FED. R. EVID. 801(d)(2)(E)." *United States v. Estrada*, Nos. 86-cr-3695, 86-cr-3697, 829 F.2d 1127 (Table), 1987 WL 44857, at *4 (6th Cir. Sept. 24, 1987) (approving of such an approach and citing various authorities, including *Bourjaily v. United States*, 483 U.S. 171, 107 S. Ct. 2775, 97 L. Ed. 2d 144 (1987)).

Because any statements of Wilson that are offered as co-conspirator statements will be conditionally admitted, subject to a later determination by the Court as to their admissibility, *see United States v. Young*, 847 F.3d 328, 353–4 (6th Cir. 2017), Shephard's motion in limine to exclude these statements is DENIED.

### III. CONCLUSION

For the reasons set forth herein, defendant Cedric Shephard's motion for immediate production of *Brady* and *Giglio* materials (Doc. No. 85) and motion in limine to exclude co-conspirator statements (Doc. No. 86) are DENIED.

**IT IS SO ORDERED**.

Dated: October 5, 2020

**HONORABLE SARA LIOI**
**UNITED STATES DISTRICT JUDGE**