# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CASE NO. 1:19CR443 |
| | ) | |
| PLAINTIFF, | ) | JUDGE SARA LIOI |
| | ) | |
| vs. | ) | |
| | ) | MEMORANDUM OPINION AND |
| | ) | ORDER |
| CEDRIC SHEPHARD, | ) | |
| | ) | |
| DEFENDANT. | ) | |

This matter is presently before the Court on the *pro se* correspondence of defendant Cedric Shephard ("Shephard"). (Doc. No. 115.) Because Shephard is represented by counsel, and to the extent that the correspondence can be interpreted as a motion for relief from the Court, the motion is DENIED.

In a superseding indictment returned on November 13, 2019, Shephard is charged with violating various federal drug and weapons statutes. (Doc. No. 41.) At the arraignment on June 28, 2019, Attorney Timothy Ivey, of the Office of the Federal Public Defender, was appointed to represent him. On July 1, 2019, Attorney Jeffrey B. Lazarus, also of the Office of the Federal Public Defender, entered an appearance on behalf of Shephard. (Doc. No. 5.) Shephard remains represented by counsel, and his current attorney, Donald Butler, continues to appear on his behalf. Throughout these proceedings, counsel has filed motions on behalf of his client. (*See, e.g.,* Doc. Nos. 17, 58.)

Although criminal defendants have a Sixth Amendment right to proceed *pro se*, *see Faretta v. California*, 422 U.S. 806, 814–18, 95 S. Ct. 2525, 45 L. Ed. 2d 562 (1975), they have no constitutional right to "hybrid representation," that is, simultaneously representing oneself while being represented by an attorney. *United States v. Miller*, 561 F. App'x 484, 488 (6th Cir. 2014); *United States v. Green*, 388 F.3d 918, 922–23 (6th Cir. 2004); *United States v. Mosely*, 810 F.2d 93, 97–98 (6th Cir. 1987). "The right to defend pro se and the right to counsel have been aptly described as two faces of the same coin, in that waiver of one right constitutes a correlative assertion of the other . . . [and] for purposes of determining whether there has been a deprivation of constitutional rights a criminal defendant cannot logically waive or assert both rights." *United States v. Conder*, 423 F.2d 904, 908 (6th Cir.), *cert. denied*, 400 U.S. 958 (1970) (quotation marks and citations omitted); *see Mosely*, 810 F.2d at 97–98. Ultimately, the decision as to whether to allow "hybrid representation" is left to the discretion of the trial court. *Green*, 388 F.3d at 922 (citing *Mosely*, 810 F.2d at 98).

Accordingly, it is well settled that that the district court need not consider *pro se* motions filed by defendants represented by counsel. *Abdullah v. United States*, 240 F.3d 683, 686 (8th Cir. 2001) ("A district court has no obligation to entertain *pro se* motions filed by a represented party."); *United States v. Gwiazdinski*, 141 F.3d 784, 787 (7th Cir. 1998) (no affirmative right to file *pro se* briefs when represented by counsel). *See generally McMeans v. Bigano*, 228 F.3d 674, 684 (6th Cir. 2000) (no right to submit a *pro se* brief when represented by counsel). And in this particular case there is no reason to stray from this widely accepted rule. Shephard has not attempted to invoke his constitutionally protected right to proceed without the assistance of counsel, pursuant to *Faretta,* 422 U.S. at 814–18. Moreover, he continues to receive

representation from his appointed counsel. The Court finds that allowing Shephard to file *pro se* motions, while simultaneously enjoying representation by counsel, will result in unnecessary confusion and will not promote the ends of justice. *See Miller*, 561 F. App'x at 488 (noting that hybrid representation is generally prohibited because it increases the risk of delay, confusion, and conflicts in trial strategy); *see generally McKaskle v. Wiggins*, 465 U.S. 168, 177, 104 S. Ct. 944, 79 L. Ed. 2d 122 (1984).

For the reasons set forth above, Shephard's *pro se* motion (Doc. No. 115) is DENIED.

**IT IS SO ORDERED**.


Dated: April 2, 2021

**HONORABLE SARA LIOI**
**UNITED STATES DISTRICT JUDGE**